# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOEL LANCE NEIMAN** | : | |
| | : | |
| **v.** | : | CV NO. 09-4472 |
| | : | |
| **MICHAEL J. ASTRUE** | : | |
| | : | |

**DuBOIS, J.**                                                                            **March 7, 2011**

## M E M O R A N D U M

### I.     INTRODUCTION

This is an action seeking review of the final decision of the Social Security Commissioner ("Commissioner") denying the plaintiff, Joel Lance Neiman's, claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation. Magistrate Judge Hey issued a Report and Recommendation ("R & R") on September 21, 2010, recommending that Plaintiff's Motion for Summary Judgment and Request for Review be denied and that the Administrative Law Judge's ("ALJ") findings of fact and conclusion of law be affirmed. Plaintiff filed Objections to the R & R on October 8, 2010. For the reasons that follow, plaintiff's objections to the R & R are sustained, the R & R is rejected, and the case is remanded to the Commissioner pursuant to the fourth and sixth sentences of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum.

### II.    BACKGROUND

The background of this case is set forth in detail in the Magistrate Judge's R & R and will be recited in this Memorandum only as necessary to address the issues presented by Neiman's

Objections.

Plaintiff suffers from Asperger's syndrome, a lifelong developmental disorder characterized by impairment of social interactions and restricted interests and behaviors. See Diagnostic Statistical Manual of Mental Disorders, Text Revision at 80-84 (4th ed. 2000) (hereinafter "DSM-IV-TR"). Plaintiff was born on August 28, 1963, and was 44 years old on his alleged onset date of December 27, 2007. (R. 11.) He has not worked since 2007. (R. 11.) Before that time he was variously employed as an autobody mechanic, bicycle assembler, warehouse worker, and part deliverer. (R. 38.)

Plaintiff filed an application for Social Security benefits on August 18, 2008. After his claim was denied, plaintiff requested a hearing before an ALJ. Following a hearing on April 14, 2009, the ALJ denied plaintiff's claim on May 7, 2009. Plaintiff then filed a request for review with the Appeals Council on July 9, 2009. This request was denied on July 30, 2009, making the ALJ's decision the final decision of the Commissioner.

### III. LEGAL STANDARD

This Court reviews the Commissioner's final decision to determine whether it is supported by substantial evidence and applies the correct legal standards. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Przegon v. Barnhart, No. 04-CV-5313, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence. To determine whether a finding is supported by substantial evidence, we

must review the record as a whole." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

A district court makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## IV.  DISCUSSION

Plaintiff filed objections to the R & R on October 8, 2010. As an initial matter, the Court addresses the Commissioner's contention that plaintiff's objections were filed late and should not be considered. Plaintiff's objections were filed seventeen days after the issuance of the R & R. While the time limit for filing objections to a report and recommendation of a magistrate judge is fourteen days, Fed. R. Civ. P. 72(b)(2), the Court concludes that plaintiff was entitled to an additional three days under Federal Rule of Civil Procedure 6(d) because the R & R was served on him by mail. See Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b) advisory committee's note; Vandenberg v. Donaldson, 259 F.3d 1321, 1325 (11th Cir. 2001). Thus the plaintiff's objections were timely filed and will be considered.

Plaintiff raises two objections to Magistrate Judge Hey's R & R. First, plaintiff contends that the ALJ erred by improperly disregarding the consistent testimony of two examining doctors and one treating psychologist. Second, he argues that there is good cause to allow the introduction of two new pieces of evidence, a report prepared by the treating psychologist and a letter from Traci Plunkett who has assisted plaintiff with benefits applications and other tasks since December 2006. These objections will be addressed in turn.

A. <u>Objection: The ALJ Erred by Improperly Disregarding Medical Evidence</u>

Plaintiff argues that the ALJ improperly rejected the three expert reports submitted by examining health care professionals in this case – Dr. Christine Blaine, Dr. Karen Saporito, and Judith Hammet-Kelly. (Pl.'s Obj. 1-3.) Prior to the hearing before the ALJ, plaintiff underwent two in-person consultative examinations with Drs. Blaine and Saporito. Neiman's treating psychologist, Hammet-Kelly, also submitted a written evaluation of his condition.

The opinions of Drs. Blaine and Saporito and the psychologist, Hammet-Kelly, were the only first-hand medical evaluations provided to the ALJ, and the three opinions are substantially consistent. Most importantly, all three health care professionals concurred in diagnosing plaintiff with Asperger's (R. 194, 215, 219-22), and found that plaintiff suffers significant limitations related to his ability to work. (R. 193-94, 215, 219-22.) Also significant is the fact that both Dr. Blaine and Hammet-Kelly noted that plaintiff has limited insight into his own condition and limitations. (R. 215, 220.) Likewise, Dr. Saporito noted that plaintiff has poor insight generally and was "defensive and stated that he did not know why he was in the evaluation." (R. 193-94.)

Thus, even if the reports are not wholly identical, all three describe Neiman as an individual with serious limitations due to Asperger's syndrome. However, the ALJ found reason to disregard all three opinions. The Court will discuss the ALJ's rejection of the three first-hand medical reports in the order in which they appear in the ALJ's decision.

      i. *Medical Opinion Evidence from Dr. Blaine*

The ALJ's analysis and rejection of Dr. Blaine's opinion consists of two sentences:

> Dr. Blaine's opinion that the claimant has a ["Global Assement of Functioning"] GAF score of 40 is completely undercut by her opinion that the claimant is capable of working with some accommodations made for his

> mental health impairment. Accordingly, Dr. Blaine's GAF assessment is
> being given no weight in this decision.

(R. 15.) The ALJ insufficiently explained her rationale for disregarding Dr. Blaine's opinion on the plaintiff's GAF score. The GAF scale is a rating system that describes the psychological, social, and occupational capacity of an individual on a 100-point continuum of mental health. A score of 31-40 indicates "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairments in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed man avoids friends, neglects family, and is unable to work)." <u>DSM-IV-TR</u> at 32-24. Dr. Blaine's report includes numerous observations supporting a GAF score of 40, including descriptions of Neiman's problems with family and peers, and his frequently irrelevant and tangential responses to questions. (R. 215, 216.) The ALJ does not discuss any of these observations. Moreover, there is no evidence in the record, nor does the ALJ cite any authority, for the proposition that a person with a GAF score of 40 is necessarily incapable of working with accommodation. The Court thus finds that the ALJ has insufficiently explained her rejection of the GAF score. <u>See</u> <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 554 (3d Cir. 2005) (ALJ cannot reject medical evidence for the wrong reason or for no reason).

Moreover, the ALJ does not explain what, if any, weight she gave to the rest of Dr. Blaine's report, which, <u>inter alia</u>, describes Neiman as being "overwhelmed cognitively," socially isolated, and possessing "limited problem solving abilities." (R. 215-17.) The ALJ must analyze all the evidence in the record and provide an adequate explanation for any evidence she disregards. <u>See</u> <u>Reefer v. Barnhart</u>, 326 F.3d 376, 381-82 (3d Cir. 2003). Thus, the Court remands the case to the Commissioner with instructions to reconsider the opinion evidence offered by Dr. Blaine and to

provide an appropriate explanation for the weight afforded that evidence.

        ii.        *Medical Opinion Evidence from Dr. Saporito*

Dr. Saporito prepared a detailed six-page report based on an in-person evaluation of Neiman that took place in October 2008. The ALJ analyzes and rejects that report in five sentences, stating in relevant part:

> The psychologist's report contains numerous inconsistences such as Dr. Saporito stating that the claimant is moderately impaired in his ability to understand and remember short, simple instructions and is markedly impaired in his ability to carry out short simple instructions however [sic] the evidence clearly shows the claimant lives alone, takes care of his house, and operates a car daily. The claimant drove to Dr. Saporito's office and arrived on time for the psychological evaluation. Therefore, Dr. Saporito's opinion in her report is not persuasive, is considered to be based solely on the claimant's subjective complaints, and is a clear overstatement of the claimant's limitations.

(R. 15-16.) That Neiman drove to the evaluation and lives alone – notably, both facts known to Dr. Saporito – is insufficient to explain why Dr. Saporito's opinion should be disregarded in its entirety.[1]

Dr. Saporito's report states that Neiman's mental health problems are primarily related to his extreme attention to detail and his substantial difficulties in social interactions. Neiman's ability to cope with these problems while driving alone and while in the safety of his home does not justify disregarding Dr. Saporito's conclusions about the extent of these problems in other contexts. The inquiry before the Commissioner was not whether Neiman can take care of himself or operate a vehicle, but rather whether he is capable of engaging in substantial gainful activity. The ALJ's logic is nearly identical to that rejected by the Third Circuit in <u>Frankenfield v. Bowen</u>:

---

[1]The ALJ's decision neglects to mention that Dr. Saporito's report discloses that Mr. Neiman became lost on the way to the appointment and, as a result, got into an argument with a security guard. (<u>See</u> R. 193.)

> What we are left with is a rejection of medically credited symptomatology based solely on the administrative law judge's observation of the claimant at the hearing, and claimant's testimony that he took care of his personal needs, performed limited household chores, and occasionally went to church. That is not permissible.

861 F.2d 405, 408 (3rd Cir. 1988); see also Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000) ("[The] work environment is completely different from home or a mental health clinic.").

While an ALJ may disregard medical opinion evidence that is not supported by other evidence in the record, she necessarily bears a heavier burden of explanation where the evidence that supposedly contradicts the medical opinion evidence was basic information known to the examining medical professional. See Morales, 225 F.3d at 319 ("The principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability."); see also Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). As was the case with Dr. Blaine's report, the ALJ's decision to disregard Dr. Saporito's opinion is insufficiently justified, and the Court remands the case to the Commissioner with instructions to reconsider that evidence.

       iii.     *Medical Opinion Evidence from Treating Psychologist Hammet-Kelly*

Arguably the most significant medical evidence in the record was that provided by Hammet-Kelly, the psychologist who had been treating Neiman in the months leading up to his hearing before the ALJ. Hammet-Kelly submitted a letter and twenty pages of supporting material describing Neiman's disability and functional capacity. (R. 219-41.)

The regulations specify that the opinions of treating sources should be given substantial and, at times, even controlling weight because such sources can provide a "longitudinal picture of [the claimant's] medical impairment(s) . . . that cannot be obtained from the objective medical findings

alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2).

Hammet-Kelly's records do indeed provide a longitudinal picture of Neiman's disability. However, the ALJ determined that, like the other first-hand medical evidence in the record, Hammet-Kelly's report was unworthy of any significant weight. She justified this finding on two grounds: (1) Neiman had successfully held jobs in the past and left those jobs of his own volition (R. 16); (2) "At the hearing the claimant did not appear to be convinced that he is unable to work. The claimant testified that he felt he can work at a job where he would drive a truck." (R. 16.)

Under the circumstances presented in this case, the ALJ's first rationale, Neiman's work history, does not justify disregarding medical opinion evidence from a treating source. As a general matter, a claimant's past work experience is often relevant to a determination of the severity of his condition and the reliability of medical opinion evidence about that condition. In this case, however, the ALJ specifically found that Neiman was incapable of performing his past relevant work. (R. 17.) In light of this finding, which bolsters the notion that Neiman's condition had deteriorated since the time of his employment, the ALJ was wrong to conclude that Neiman's employment history contradicted Hammet-Kelly's later observations that Neiman suffered significant limitations as a result of Asperger's. Moreover, even if Neiman did leave some of his earlier jobs of his own volition, his testimony supports the conclusion that he left because of problems arising out of his mental disorder. (See R. 24, 27, 29-31, 34-35 (describing problems with his work pace and frustrations with managers).) The Third Circuit has made clear that even where a person quits a job, "[an] attempt to work that ultimately fails because of the symptoms of the disability is not substantial gainful activity." Morales, 225 F.3d at 319. Thus the ALJ erred when she rejected the medical

evidence offered by Hammet-Kelly based on Neiman's past work experience.

The ALJ's second rationale for disregarding Hammet-Kelly's opinion – Neiman's testimony at the hearing – is also inadequate. At the April 14, 2009 hearing, Neiman testified that he was relatively unimpaired and capable of a wide range of employment. (See R. 22-35.) Under the unusual circumstances of this case, however, where all three examining medical professionals noted that Neiman was prone to respond to questions defensively and had very limited comprehension of his own disability, it was an abuse of discretion for the ALJ to accept his testimony at face value and use it to contradict the first-hand medical evidence offered by Hammet-Kelly. See Frankenfield v. Bowen, 861 F.2d at 408.

The reasons given by the ALJ for disregarding the medical opinion of Hammet-Kelly, Neiman's treating psychologist, are insufficient. Neither Neiman's work history nor his own evaluation of his condition is adequate to outweigh the substantial first-hand medical evidence provided by Hammet-Kelly. "[A] single piece of evidence is not substantial if the Commissioner failed to resolve a conflict created by countervailing evidence or if it is overwhelmed by other evidence – particularly that offered by a treating physician." Morales, 225 F.3d at 320 (citing Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986)). The Court remands the case to the Commissioner with instructions to reconsider the report provided by Hammet-Kelly.

    iv.  *The ALJ's Ruling Is Not Supported by Substantial Evidence*

As the Third Circuit stated in Hartranft v. Apfel, an ALJ's decision must be supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 181 F.3d at 360. In this case, the ALJ found all of the first-hand medical evidence – three largely consistent reports – unreliable. In all three cases, the ALJ's stated

rationale for disregarding evidence was either inadequately explained or insufficient as a matter of law. The ALJ then proceeded to make factual findings about Neiman's limitations without reference to any first-hand medical opinion, relying in large part on Neiman's own assertions about his limitations and living conditions.[2] This is not "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." See id. Thus the plaintiff's objection to the ALJ's treatment of the medical evidence is sustained, and the Court remands the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) with instruction to reconsider the medical evidence provided by Dr. Blaine, Dr. Saporito, and the treating psychologist Hammet-Kelly.

      B.      Objection: Consideration of Additional Evidence

Plaintiff also objects to the portion of Magistrate Judge Hey's R & R that rejected plaintiff's request for a remand under sentence six of 42 U.S.C. § 405(g) in light of new evidence available only after the April 14, 2009 administrative hearing. Plaintiff argues that two pieces of additional evidence should be received – (1) an updated psychological evaluation from Hammet-Kelly dated July 1, 2009; and (2) a letter from Traci Plunkett on behalf of plaintiff's state representative dated June 24, 2009.

      i.      *Legal Standard*

A court has the power to remand a case under sentence six of 42 U.S.C. § 405(g) for reconsideration in light of new evidence if the evidence is "new and material and if there was good cause why it was not previously presented to the ALJ." Matthews v. Apfel, 239 F.3d 589, 593 (3d

---

[2] The ALJ also makes general statements about considering "all the evidence." (R. 16.) Without further elucidation, however, this kind of sweeping statement is insufficient to support an ALJ's conclusions. See Abshire v. Bowen, 662 F. Supp. 8, 9 (E.D. Pa. 1986); Carter v. Apfel, 220 F. Supp. 2d 393, 397 (M.D. Pa. 2000).

Cir. 2001). Evidence is deemed "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Evidence is material if: (1) there is a "reasonable possibility that [it] would have changed the outcome of the Secretary's determination"; (2) it "relates to the time period for which benefits were denied"; and (3) it does "not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). The good cause requirement means that the plaintiff must show "some justification" for failing to submit the additional evidence. See id. at 834.

      ii.    *Analysis*

Hammet-Kelly's updated assessment was not prepared until July 1, 2009, two and a half months after the administrative hearing before the ALJ. Her second report is thus new because it was not available at the time of the administrative proceeding. The second report provides a more comprehensive picture of plaintiff's condition than anything in the record as reviewed by the ALJ and includes significant information not provided in the earlier evaluations. For example, the second report includes an evaluation of plaintiff's Simon-Baron-Cohen Autism Spectrum Quotient, something not previously in the record, and a previously unmade diagnosis of generalized anxiety disorder, which, the second report states, causes Neiman "significant distress and impairment in function." (R. 248-51.) The second report provides significant corroboration of Hammet-Kelly's earlier report and the medical opinion evidence offered by Drs. Blaine and Saporito. The Court concludes that the second report prepared by Hammet-Kelly is both new and material.

Likewise, the letter from Traci Plunkett dated June 24, 2009, was not written until after the hearing and significantly adds to the information in the record. Specifically, the letter provides new

detail on the plaintiff's daily functioning including his disorganization, anxiety problems, and the help he requires to pay bills and take care of other mundane tasks. (R. 257.) This information would be admissible as evidence from a non-medical source, see 20 C.F.R. §§ 404.1513(d), 416.913(d), and substantially corroborates the medical opinion evidence provided by Hammet-Kelly and Drs. Blaine and Saporito. The Court thus concludes that Plunkett's letter is both new and material.

The Court finds that the plaintiff had good cause for not obtaining Hammet-Kelly's updated report and the Plunkett letter before the administrative hearing in mid-April 2009. The record discloses that plaintiff was involved in a serious car accident at the beginning of April 2009. (See R. 245) The injuries he sustained in that accident, combined with his ongoing problems from Asperger's, constitute good cause for the delay in obtaining and producing the additional evidence. Thus the Court remands the case to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of this new evidence.

## V. CONCLUSION

For the reasons set forth above, the objections advanced by plaintiff require a remand to the Commissioner for further proceedings consistent with this opinion and 20 C.F.R. § 404.1527(d)(2). The remand is ordered pursuant to the fourth and sixth sentences of 42 U.S.C. § 405(g). Judgment is entered in favor of plaintiff and against the Commissioner.